STATE of Iowa, Appellee,

v.

Michelle Sandra McCool PHILLIPS,
Appellant.

No. 98–2136.

Supreme Court of Iowa.

March 22, 2000.

Rehearing Denied May 15, 2000.

Jon M. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Denver D. Dillard, County Attorney, and Harold L. Denton and Todd D. Tripp, Assistant County Attorneys, for appellee.

LARSON, Justice.

Michelle Phillips pled guilty to three counts of second-degree robbery in violation of Iowa Code sections 711.1 and 711.3 (1995). She was sentenced to three terms of imprisonment, not to exceed ten years each, with the terms to run concurrently. She now challenges the statute under which she was sentenced on various constitutional grounds. We reject these challenges and affirm the district court.

### I. *Facts and Prior Proceedings.*

Following Phillips' plea of guilty, she was sentenced under Iowa Code section 902.12 (Supp.1996). Under that section, a defendant convicted of second-degree robbery is required to serve 100% of the term (subject to possible reduction for good time, up to fifteen percent). Phillips did not file a motion in arrest of judgment or a notice of appeal. Later, however, she filed an application for postconviction relief and an application for correction of her sentence. Both actions asked the court to declare section 902.12 unconstitutional.

The district court dismissed Phillips' application for postconviction relief and denied her application for correction of sentence. These consolidated appeals followed.

### II. *The Statute.*

The statute in question, Iowa Code section 902.12, provides:

Except as otherwise provided in section 903A.2, a person serving a sentence for conviction of the following forcible felonies shall serve one hundred percent of the maximum term of the person's sentence and shall not be released on parole or work release:

. . . .

4. Robbery in the first or second degree in violation of section 711.2 or 711.3.

Section 903A.2 (referred to in section 902.12) provides for "good time" reduction of up to fifteen percent. Applying sections 902.12 and 903A.2 together, a person who has committed one of the specified felonies will be required to serve at least eighty-five percent of the maximum term of the sentence before being eligible for parole or work release.

### III. *The Issues.*

Phillips challenges section 902.12 on four grounds: (1) it violates constitutional principles of separation of powers, (2) it is an unconstitutional bill of attainder, (3) it constitutes cruel and unusual punishment, and (4) it violates her equal protection rights.

## IV. The Separation–of–Powers Argument.

■ The separation-of-powers clause of the Iowa Constitution provides:

The powers of the government of Iowa shall be divided into three separate departments—the legislative, the executive, and the judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted.

Iowa Const. art. III, § 1. This principle is violated if one branch of government purports to use powers that are clearly forbidden, or attempts to use powers granted by the constitution to another branch. *In re C.S.*, 516 N.W.2d 851, 858 (Iowa 1994).

■ Phillips' separation-of-powers argument begins with her observation that the legislature has provided indeterminate sentences for class "B," "C," and "D" felonies, whether forcible or nonforcible. Iowa Code § 902.9 (1995). Parole or work-release decisions are then made by the board of parole. According to the defendant, the "100%" requirement of section 902.12 "completely usurps the executive powers by legislative fiat ... [and] disallows the exercise of discretion by the executive branch to determine ... whether and when a person serving an indeterminate sentence should be paroled."

We have upheld the authority of the legislature to prescribe punishment for crimes and restraints on eligibility for reduced terms of incarceration because these are policy matters peculiarly within the constitutional authority of the legislature. We have said:

Our legislature has demonstrated it knows how to restrict the discretion of the board of parole when it wishes to do so. It may do so by prescribing a minimum sentence for a particular offense. It may also do so by precluding parole, as with a life sentence. It may limit eligibility for parole, as it has done for persons imprisoned for felonies like second-degree murder under the criminal code which will take effect January 1, 1978.

*State v. Remmers*, 259 N.W.2d 779, 784 (Iowa 1977) (citations omitted).

■ We reject Phillips' argument that section 902.12 "disrupts" the balance between the legislature's power to provide indeterminate sentences and the parole board's authority to determine parole eligibility and work release. The 100% provision in section 902.12 is clearly a part of the legislature's constitutional authority. The parole system is solely a creature of the legislature. To argue, as Phillips' does, that the legislature may not restrict eligibility for parole and work release, reads too much into the separation-of-powers doctrine. This doctrine "requires that a branch [of government] not impair another in the performance of its *constitutional* duties." *Loving v. United States*, 517 U.S. 748, 757, 116 S.Ct. 1737, 1743, 135 L.Ed.2d 36, 49 (1996) (citation omitted) (emphasis added).

The Iowa Constitution, on which the defendant relies, provides a very limited role for the executive branch in criminal cases. Under article IV, section 16,

[t]he governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses except treason and cases of impeachment ....

Even that authority is limited by this section of the constitution, which continues, "*subject to such regulations as may be provided by law.*" (Emphasis added.) While the governor also "shall have power to remit fines and forfeitures," under this section, such power is "under such regulations as may be prescribed by law; and [the governor] shall report to the general assembly .... each case of reprieve, commutation or pardon granted ...." *Id.* The constitution, therefore, envisions some limitations and legislative oversight, even with respect to the executive branch's constitu-

tional authority to ameliorate criminal sanctions.

Because matters of parole and work-release eligibility are part of the legislature's constitutional authority, the parole and work-release restrictions of section 902.12 do not impinge on any constitutional authority of the executive branch. *See Loving,* 517 U.S. at 757, 116 S.Ct. at 1743, 135 L.Ed.2d at 49. We reject Phillips' separation-of-powers argument.

## V. *The Bill–of–Attainder Argument.*

■ Phillips argues Iowa Code section 902.12 is an unconstitutional bill of attainder because in it "the legislature has assumed both judicial and executive magistracy, pronouncing and mandating a disability, and a conclusive finding of disqualification of a person without any protections to the individual as to hearing or to proof." The Iowa Constitution prohibits bills of attainder. Iowa Const. art. I, § 21; *see also* U.S. Const. art. I, § 9, cl. 3. We have said

[a] bill of attainder is a legislative determination that metes out punishment to a particular individual or a designated group of persons without a judicial trial. The danger of such a law is that it deprives the accused of the protection afforded by a judicial process.

*State v. Swartz,* 601 N.W.2d 348, 351 (Iowa 1999) (citations omitted), *cert. denied,* —— U.S. ——, 120 S.Ct. 1189, 145 L.Ed.2d 1094 (2000).

■ A bill of attainder requires three elements: specificity as to the target of the legislation, imposition of punishment, and the lack of a judicial trial. *Langford v. Day,* 134 F.3d 1381, 1382–83 (9th Cir. 1998). In *Swartz* we held that, because the defendant's punishment was not imposed without judicial process, his bill-of-attainder argument could not prevail. 601 N.W.2d at 351. An example of a statute that *was* held to be invalid on this ground is found in *United States v. Brown,* 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965). In that case a statute making it a

crime for a member of the Communist Party to serve as an officer or employee of a labor union constituted an unconstitutional bill of attainder. *Brown,* 381 U.S. at 449–50, 85 S.Ct. at 1715–16, 14 L.Ed.2d at 492.

In a Colorado case analogous to the present case, the court held that an habitual-criminal statute did not constitute a bill of attainder because the habitual-criminal statute

only comes into play after a defendant is convicted of a specific, new offense ... following a judicial trial. Once [the defendant] was found guilty of the ... offenses, his sentence was enhanced following a determination that he had previously been convicted of three other felonies. Since [the defendant's] sentence in this case was imposed only after a judicial trial, ... the [habitual–criminal statute] is not a bill of attainder.

*Velarde v. Zavaras,* 960 P.2d 1162, 1164 (Colo.1998) (citations omitted).

Iowa Code section 902.12, which does not impose punishment based on a defendant's status or without trial, is not a bill of attainder. *See Langford,* 134 F.3d at 1382–83.

## VI. *The Eighth Amendment Issue.*

The United States Constitution prohibits "cruel and unusual" punishment, and this prohibition is applicable to the states through the Fourteenth Amendment. *See* U.S. Const. amend. VIII; *State v. Lara,* 580 N.W.2d 783, 784 (Iowa), *cert. denied,* 525 U.S. 1007, 119 S.Ct. 523, 142 L.Ed.2d 434 (1998). The Iowa Constitution contains a similar provision. Iowa Const. art. I, § 17.

■ Phillips argues that section 902.12 violates both constitutions. Punishment may be cruel and unusual either because it inflicts a form of torture or is otherwise barbaric or because it is "so excessively severe that it is disproportionate to the offense charged." *Lara,* 580

N.W.2d at 785 (citation omitted). Phillips contends section 902.12 violates the disproportionate punishment prong of the test.

*State v. Hoskins,* 586 N.W.2d 707 (Iowa 1998), controls on this issue. In *Hoskins* we held section 902.12 did not impose cruel-and-unusual punishment because

> we do not believe the ten-year sentence imposed upon a conviction of second-degree robbery, of which [the appellant] is required to serve 100%, leads to an inference of gross disproportionality. This is not the rare case in which a proportionality analysis is necessary. We therefore conclude section 902.12's requirement that a person convicted of second-degree robbery serve 100% of the maximum sentence does not constitute cruel and unusual punishment.

*Id.* at 709 (citation omitted). We reject the defendant's cruel-and-unusual-punishment argument.

### VII. *The Equal–Protection Argument.*

 Phillips also contends her sentence is a violation of her equal–protection rights under the United States and Iowa Constitutions. Our first inquiry is what type of analysis is to be applied: strict scrutiny or a rational-basis test. We held in *State v. Ceaser,* 585 N.W.2d 192 (Iowa 1998), that an equal–protection attack on section 902.12 in a second-degree robbery case does not create a suspect classification, so we applied only a rational-basis test. *Id.* at 196. Phillips, in an interesting attempt to mix her separation of powers, bill of attainder and Eighth Amendment arguments with her equal–protection argument, attempts to elevate our equal–protection analysis to a strict–scrutiny level. We decline to do so and apply the holding of *Ceaser:* because there is a rational distinction between second-degree robbery and other forcible felonies not included in the 100% provision of section 902.12, the statute passes a rational-basis test. *Ceas-*

*er,* 585 N.W.2d at 197–99. We reject the defendant's equal–protection argument.

Because we have rejected all of Phillips' arguments on their merits, we need not address the claim of ineffective assistance of counsel she has raised to excuse her trial counsel's failure to preserve error in the district court.

**AFFIRMED.**

All justices concur except CARTER, J., who takes no part.