# IN THE COURT OF APPEALS OF IOWA

No. 14-0559
Filed December 10, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CALEB ELIJAH THOMAS RYUN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Karen A. Romano,

Judge.


        A defendant challenges the constitutionality of his mandatory minimum

sentence for second-degree robbery.  **AFFIRMED.**


        Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney

General, John P. Sarcone, County Attorney, and Nan Horvat and Olu Salami,

Assistant County Attorneys, for appellee.


        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**TABOR, J.**

Caleb Ryun appeals his sentence for robbery in the second degree. He argues the statutory requirement he serve seven years of his indeterminate ten-year prison sentence is cruel and unusual under the Eighth Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution. Because we conclude the mandatory minimum sentence was not grossly disproportionate to his conduct in threatening the owners of a pharmacy and stealing painkillers, we affirm.

Ryun faced charges for two robberies committed in July and September of 2013 at the same Medicap Pharmacy on the north side of Des Moines. After negotiations with the State, he entered a guilty plea to one of the two counts on February 10, 2014. On March 26, 2014, the district court sentenced Ryun to a mandatory term not to exceed ten years, under Iowa Code sections 711.3 and 902.9(4) (2013). Under Iowa Code section 902.12(5), Ryun is required to serve a minimum seven-tenths of his maximum sentence before being eligible for work release or parole. Ryun now appeals his sentence claiming the mandatory minimum is cruel and unusual.[1]

Ryun's cruel-and-unusual-punishment claim is an illegal sentencing challenge he may raise at any time, though he did address his constitutional

---

[1] Ryan also alleges a due process violation in the introduction of his argument. Because he does not fully develop the due process claim, we find it waived on appeal. *See Baker v. City of Iowa City*, 750 N.W.2d 93, 102–03 (Iowa 2008) (holding a conclusory statement without argument or supporting authority waives an issue); *see also State v. Fiedler*, 152 N.W.2d 236, 239 (Iowa 1967) ("[W]here a defendant on appeal cites no authority in support of errors claimed, we are under no compulsion to entertain the assignment.").

claims to the sentencing court. *See State v. Bruegger*, 773 N.W.2d 862, 871–72 (Iowa 2009). Because Ryun is challenging the constitutionality of his sentence, our review is de novo. *Id.* at 869.

The Eighth Amendment declares "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Our state constitution contains a similar protection. *See* Iowa Const. art. I, § 17. ("Excessive bail shall not be required; excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted."). These provisions "embrace[] the bedrock rule of law that punishment should fit the crime" and also recognize "even guilty people are entitled to protection from overreaching punishment meted out by the state." *Bruegger*, 773 N.W.2d at 872.

Cruel-and-unusual-punishment challenges fall into two categories: a categorical approach—questioning the general sentencing practice—and a gross disproportionality comparison of a particular defendant's sentence with the seriousness of the particular crime. *See State v. Oliver*, 812 N.W.2d 636, 640 (Iowa 2012) (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). Ryun's appeal falls into the latter category.[2] Because Ryun challenges his sentence under the Iowa Constitution, "we will apply our more stringent gross-disproportionality review to the facts of his case." *See id.* at 650.

_____

[2] Ryun does not raise a categorical challenge to the mandatory minimum provision. Because he was an adult when he committed his offense, his situation is not controlled by *State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014) ("[O]ur holding today has no application to sentencing laws affecting adult offenders. Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders.").

To determine whether Ryun's sentence is grossly disproportionate to his crime we apply the three-step test developed in *Solem v. Helm*, 463 U.S. 277, 290–92 (1983) (outlining the objective criteria to consider as "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions"). The first criteria acts as an initial barrier that is difficult to cross. *See Bruegger*, 773 N.W.2d at 873 (noting "it is a rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality"). Only if a challenge survives this threshold test do we progress to the second and third *Solem* prongs. *Id.*

During our proportionality review, we are mindful of four principles. *Oliver*, 812 N.W.2d at 650. First, we accord great deference to legislative determinations of punishment and realize a sentence need not adhere to strict proportionality to remain constitutional. *See Bruegger*, 773 N.W.2d at 872 (opining that "a reviewing court is not authorized to generally blue pencil criminal sentences to advance judicial perceptions of fairness"); *see also Ewing v. California*, 538 U.S. 11, 28 (2003) (emphasizing a reviewing court does not "sit as a 'superlegislature' to second-guess policy choices"). Second, although we impose a more rigorous review under the Iowa Constitution than under its federal counterpart, it remains rare that a sentence is so grossly disproportionate to the offense that it satisfies the threshold inquiry under *Solem*. *Oliver*, 812 N.W.2d at 650 (citing Iowa cases in which defendants failed to meet this preliminary

standard). Third, we regard a recidivist offender as more culpable and, therefore, more deserving of a longer sentence than a first-time offender. *Id.* Fourth, the unique features of a case may "'converge to generate a high risk of potential gross disproportionality.'" *Id.* at 651 (quoting *Bruegger*, 773 N .W.2d at 884).

Keeping these principles in mind, we turn to the instant facts and consider whether Ryun's seven-year mandatory minimum sentence was grossly disproportionate to his robbery offense under article I, section 17 of the Iowa Constitution.

The State charged Ryun with two counts of robbery in the second degree, in violation of Iowa Code sections 711.1[3] and 711.3.[4] On the morning of trial, Ryun entered a plea of guilty to count one of the two-count trial information. At the hearing, Ryun admitted that on July 17, 2013, he donned a sweatshirt and sunglasses to conceal his identity and entered the Medicap Pharmacy to obtain Oxycodone. Once inside, he threatened the pharmacy employee and placed her in fear of immediate serious injury to further his intention to commit a theft. According to the minutes of evidence, Ryun handed the employee a note which said, "Oxycodone 15s 30s quickly & quietly no one gets hurt." Ryun told the

---

[3] Iowa Code section 711.1 provides:
> A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property: 1. Commits an assault upon another. 2. Threatens another with or purposely puts another in fear of immediate serious injury. 3. Threatens to commit immediately any forcible felony.

[4] Iowa Code section 711.3 provides that all robbery which is not robbery in the first degree is robbery in the second degree. Robbery in the first degree requires the perpetrator to be armed with a dangerous weapon or purposely inflict or attempt to inflict serious injury. Iowa Code § 711.2.

plea-taking court he received Oxycodone without a prescription and without paying for it. He then returned to a car driven by his mother, "who knew what was going on," and they drove home.[5]

On appeal, Ryun contends his case involves "unique circumstances," which "converged to form a high risk of disproportionality." In particular, he cites his age of twenty-two years and his lack of a criminal record "save a prior deferred judgment" for theft in the fifth degree. He also claims he robbed the pharmacy "to feed his drug addiction." Ryun emphasizes after his arrest he obtained a substance abuse evaluation and completed a twenty-eight day in-patient treatment program.

To fully address the proportionality question, we consider the totality of the circumstances, including the mitigating factors identified by Ryun, as well as other "potential factors that tend to aggravate the gravity of the offense and magnify the consequences on [the victim]." *See Bruegger*, 773 N.W.2d at 886.

Looking first at the mitigating factors, we are not convinced Ryun's circumstances are so unique as to give rise to an inference of gross disproportionality. Initially, he was four years into his adulthood and had completed two years of college when he committed the robberies. Three years earlier, he received a deferred judgment for fifth-degree theft, but his deferred judgment was revoked in November 2010, and he served two days in jail. Plus, Ryun was a repeat offender, though under the plea agreement he pled to and

---

[5] The presentence investigation report indicated Ryun's mother had an opiate addiction and, according to the minutes of evidence, she confessed her participation in the Medicap robberies.

received a sentence for only one of two robbery counts. The minutes show Ryun confessed to committing both robberies and at sentencing he admitted making "a couple of bad decisions"—indicating he took responsibility for both crimes.

Ryun was contrite at the sentencing hearing but also cited his addiction to painkillers as a motivating factor in the robberies. Defense counsel told the sentencing court Ryun became addicted to pain medication after a high school football injury. Ryun said in his allocution: "[W]hen you're under the influence of drugs, you feel like you're going to die without them and it's unbearable, I chose the wrong path and there is no excuse for that."

We are sympathetic to Ryun's struggles as an addict and recognize he took a positive step in seeking in-patient treatment for his substance abuse problem. But as Ryun himself recognized at the sentencing hearing, his conduct in committing the robberies was a "foolish" and "outrageous" way to deal with his drug dependence. Moreover, the record suggests Ryun's motivation may not have been limited to "feeding" his own addiction. While Ryun told the police he was addicted to Oxycodone at the time of his arrest, he also revealed an intention to sell the stolen drugs for thirty to forty dollars per pill.

On the aggravating factor side of the equation, Ryun's crime had a significant impact on the pharmacy owners, who wrote a victim impact statement for the sentencing court. The family had operated the pharmacy for thirty years, but after being robbed twice within the span of a few months, they started to question whether it was too much of a risk to continue staffing the business. Family members were scared to go to work and suffered from anxiety.

The legislature has chosen a seven-year mandatory minimum sentence as the appropriate punishment for robbery in the second degree.[6]  Section 902.12 applies to crimes where violence is directed at another person, such as murder, attempted murder, sexual abuse, kidnapping, robbery, and vehicular homicide.  As our supreme court has said, "[o]ur role is not to determine what the proper sentence for a crime should be.  Instead, we are to review the sentence mandated by the legislature to ensure that it is within the protections ensured by the State and Federal Constitutions."  *Oliver*, 812 N.W.2d at 654.

After considering the features of Ryun's case, we do not find the mandatory minimum sentence of seven years to be grossly disproportionate to his crime.  Because the punishment does not create an inference of gross disproportionality, we need not consider the second and third factors of *Solem. See id.* at 653.

**AFFIRMED.**

---

[6] The Iowa Supreme Court rejected disproportionality challenges to section 902.12, even when it included a longer mandatory minimum term.  *See State v. Phillips*, 610 N.W.2d 840, 844 (Iowa 2000); *State v. Hoskins*, 586 N.W.2d 707, 709 (Iowa 1998) ("[W]e do not believe the ten-year sentence imposed upon a conviction of second-degree robbery, of which [the appellant] is required to serve 100% [which could only be reduced by fifteen percent for good conduct], leads to an inference of gross disproportionality.").