# IN THE COURT OF APPEALS OF IOWA

No. 15-1124
Filed March 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASEN MARAN SALIN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winnebago and Worth Counties, Gregg R. Rosenbladt (plea) and Colleen D. Weiland (sentencing), Judges.

A convicted sex offender contends his mandatory minimum sentences violate the separation of powers doctrine under the Iowa Constitution. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Occasionally, an appeal is lost at the routing stage. That is true here. Jasen Salin asked the Iowa Supreme Court to retain his case because he alleged a substantial question of changing legal principles concerning the constitutionality of the mandatory minimum terms connected to his second-degree sexual abuse convictions. *See* Iowa R. App. P. 6.903(2)(d), 6.1101(2)(a), (f). Salin argues the sentencing scheme mandated by Iowa Code section 902.12(3) (2011) violates the separation of powers doctrine in our state constitution. Salin acknowledges the Iowa Supreme Court has rejected this argument, but urges the issue be reconsidered. Because the supreme court transferred the case to us, such reconsideration is not possible. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Salin pleaded guilty to two counts of sexual abuse in the second degree, class "B" felonies, in violation of Iowa Code sections 709.1 and 709.3(2). The forty-three-year-old defendant admitted to twice having sexual intercourse with a child under the age of twelve. The district court sentenced him to indeterminate prison terms of twenty-five years, subject to mandatory minimum terms of seventy percent. The court ordered the sentences be served concurrently.

On appeal, Salin contends the mandatory terms constitute illegal sentences, or alternatively, trial counsel was ineffective in not raising a constitutional objection to the sentences.[1] He relies on article III, section 1 of the

---

[1] Normally, we review a constitutional challenge to an illegal sentence de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

Iowa Constitution, which divides the powers of state government among three departments—legislative, executive, and judicial—and prohibits any one of those departments from exercising "any function appertaining to either of the others." Salin argues the legislature's statutory scheme, as applied to his sex-abuse felonies, impermissibly prohibits the courts from suspending the sentences of incarceration. He recognizes the Iowa Supreme Court has already rejected other separation-of-powers challenges to mandatory sentencing. *See, e.g., State v. Phillips*, 610 N.W.2d 840, 842 (Iowa 2000); *State v. Holmes*, 276 N.W.2d 823, 830 (Iowa 1979). But he asks that those precedents be overruled. Because we cannot overrule published holdings of our supreme court, we affirm Salin's sentences. *See State v. Pennell*, No. 15-0593, 2016 WL 742807, *1 (Iowa Ct. App. Feb. 24, 2016).

**AFFIRMED.**