# IN THE COURT OF APPEALS OF IOWA

No. 15-1592
Filed November 23, 2016

**ANTONIO RAY MOORE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.

Applicant appeals from the district court order denying his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., Potterfield, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Antonio Moore appeals from the district court order denying his application for postconviction relief (PCR). He claims his trial counsel was ineffective for failing to object to the prosecutor's breach of the plea agreement and for failing to correct errors in the presentence investigation (PSI) report. He also challenges the standard of review applied by the district court and requests we find his PCR counsel ineffective if any of his claims were not properly preserved. For the reasons stated herein, we affirm the judgment of the district court.

I. **Background Facts & Proceedings**

On April 4, 2013, Moore was charged with theft in the second degree, in violation of Iowa Code sections 714.1(1) and 714.2(2) (2011), and third-degree burglary, in violation of section 713.6A(2). In June 2013, Moore was charged with possession of a firearm by a person previously convicted of domestic abuse, in violation of section 724.26(2), and an additional charge of second-degree theft. In August, Moore pled guilty to two counts of second-degree theft and one count of possession of a firearm by a person previously convicted of domestic abuse. As part of the plea agreement, the State agreed to recommend the sentence put forth in Moore's PSI report and agreed to recommend that any prison sentences recommended by the PSI be served concurrently. Moore was allowed to argue for other outcomes, including probation, at sentencing.

The PSI was completed prior to sentencing. Moore contends the PSI contained two charges, under the heading "Arrest History Comments," that were not his. Those two charges are a fifth-degree-theft charge from September 27, 2002, with the listed disposition "transfer of venue," and an assault charge from

March 21, 2003, with the disposition "adjudicated." The PSI did indeed recommend incarceration. Sentencing commenced September 24, 2013. During the sentencing hearing, the following colloquy took place between the court and the prosecutor:

> THE COURT: Mr. Ward, what is the State's sentencing recommendation?
> MR. WARD: Due to the defendant's record and the fact that he committed several crimes in this case, the State recommends prison. And that is consistent with the PSI recommendation.
> THE COURT: Does the State have a recommendation as to whether these sentences should run concurrent or consecutive?
> MR. WARD: The State would be satisfied with concurrent sentences, Judge.

The court sentenced Moore to three, five-year sentences, to be served consecutively. The court noted it had considered Moore's "prior record of convictions," among other factors.

Moore subsequently filed this PCR application, alleging ineffective assistance of counsel. The district court denied his application. On appeal, he claims the district court applied an incorrect standard of review to his claims on the merits, which he also renews before us.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III. Discussion

### A. Breach of Plea Agreement

Moore asserts the prosecutor breached the plea agreement by failing to commend it to the sentencing court, and his trial counsel offered ineffective assistance by failing to object to the prosecutor's breach. Counsel does not render ineffective assistance by failing to make a meritless objection—for example, if the prosecutor has not breached the plea agreement—so we begin by examining whether the agreement was breached. *See State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999).

A prosecutor must present the recommended sentences with approval, commend those sentences to the court, and otherwise indicate the recommended sentences are supported by the State and worthy of the court's acceptance. *See id.* at 299. "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). If the State expresses material reservations regarding the agreement or recommendation, it can be fairly said the State deprived the defendant of the benefit of the bargain. *See id.*

Here, Moore takes issue with the prosecutor's statement the State would be "satisfied with concurrent sentences." We do not think this language deprived Moore of the benefit of the bargain. The language expresses no explicit reservations—to "satisfy" may mean to meet someone's expectations, fulfill one's

desires or needs, or adequately meet or comply with conditions or demands. *See Satisfy*, Oxford Living Dictionaries, https://en.oxforddictionaries.com/definition/satisfy (last visited Nov. 7, 2016). We do not require "enthusiastic" commendation of the agreement. *See State v. Risius*, No. 15-1365, 2016 WL 4543787, at *3 (Iowa Ct. App. Aug. 31, 2016). Recommendation of the agreement is often enough. *See, e.g.*, *State v. Brocato*, No. 14-0655, 2014 WL 7343462, at *1 (Iowa Ct. App. Dec. 24, 2014) (finding no breach where prosecutor "recommend[ed]" verbatim terms of plea agreement and said nothing more); *Robinson v. State*, No. 09-1712, 2010 WL 2925909, at *3 (Iowa Ct. App. July 28, 2010) (finding no breach where court asked prosecutor if State had recommendations beyond those contained in plea agreement and prosecutor responded in the negative). In other cases, prosecutors have called PSI recommendations "reasonable" or stated they would "stand by" the plea agreement; those were not found to be breaches. *See State v. Hermen*, No. 13-1060, 2014 WL 1495136, at *1 (Iowa Ct. App. Apr. 16, 2014) ("[T]his recommendation seems reasonable and we ask the Court to adopt it."); *State v. Van Gundy*, No. 00-0199, 2000 WL 1825451, at *2 (Iowa Ct. App. Dec. 13, 2000) ("I stand by our agreement that the State's recommendation is that the sentences should run concurrent."). In short, the "satisfied" language satisfies us.

Nor were there any of the typical implicit methods of expressing reservations, such as proposing alternative sentences, requesting "an appropriate sentence" rather than the agreed-upon sentence, making a recommendation and then reminding the court it is not bound by the plea agreement, or emphasizing a more severe punishment recommended by the PSI

author. *See Frencher*, 873 N.W.2d at 285 (collecting cases). We find no breach of the plea agreement by the prosecutor. Therefore, Moore's counsel's failure to object does not constitute a breach of an essential duty.

Because we find no breach of an essential duty, we do not address the prejudice prong. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element.").

### B. PSI Errors

Moore asserts the two errors in his PSI influenced the sentencing decision and that his trial counsel's failure to object to the errors constitutes ineffective assistance. A criminal record is a required part of any PSI. *See* Iowa Code § 901.2. The court here stated it considered Moore's "prior criminal record" in sentencing him. The report contains several prior convictions. There is no evidence the court relied on the two charges Moore contests. *See State v. Dewitt*, No. 06-1789, 2008 WL 2746585, at *1 (Iowa Ct. App. July 16, 2008). Nor did the court rely only on the criminal history, as it cited several other factors contributing to its sentencing decision, including Moore's statements at the sentencing hearing, his age, and his history of substance abuse. *See State v. Williams*, No. 08-2032, 2009 WL 2951549, at *1 (Iowa Ct. App. Sept. 2, 2009). Moreover, the two allegedly offending charges are removed in time—ten years distant at the time of sentencing—and neither's statement of disposition (the inconclusive "transfer of venue" and the juvenile-specific "adjudicated") provides a sentencing court with cause for imposing a harsher sentence. There has been no showing these two charges affected the sentencing decision. Moreover, the

court stated it was considering Moore's "prior record of convictions," and the theft charge only referenced "transfer of venue" and the assault charge referenced "adjudicated." Neither disposition constitutes a conviction. As a result, we conclude Moore cannot show he has been prejudiced by the inclusion of these charges. *See State v. Bearse*, 748 N.W.2d 211, 217 (Iowa 2008) ("[T]he defendant must simply show that the outcome of the sentencing proceeding would have been different."); *State v. Jespersen*, No. 01-2026, 2002 WL 31018421, at *2 (Iowa Ct. App. Sept. 11, 2002). This claim fails.

### C. Incorrect Standard

Moore claims the district court applied the incorrect standard in ruling on the prejudice prong of his PCR application. Because our review of his claims is de novo and we independently find Moore's claims fail, we need not address how the district court arrived at its conclusions.

### D. PCR Counsel

If we find any of Moore's other claims are not properly preserved, he asks us to find his PCR counsel ineffective for failing to preserve the claims. Because we find his claims were preserved, we need not address this claim. *See State v. Phillips*, 610 N.W.2d 840, 844 (Iowa 2000) ("Because we have rejected all of Phillips' arguments on their merits, we need not address the claim of ineffective assistance of counsel she has raised to excuse her trial counsel's failure to preserve error in the district court.").

**AFFIRMED.**