**STATE of Iowa, Appellee,**

v.

**Roger Conrad LARA, Appellant.**

**No. 97–600.**

Supreme Court of Iowa.

July 1, 1998.

James H. Carter of Terpstra, Terpstra & Epping, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and D. Raymond Walton, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

In 1996 the Iowa legislature adopted a mandatory minimum sentence for certain forcible felonies, i.e., murder in the second degree, sexual abuse in the second degree, kidnapping in the second degree, and robbery in the first or second degree. 1996 Iowa Acts ch. 1151, § 3 (codified at Iowa Code § 902.12 (1997)). The legislature provided that an inmate sentenced under section 902.12 is eligible for a reduction of the sentence of one day for each day of good time but the total days which may be accumulated shall not exceed fifteen percent of the inmate's total sentence of confinement. 1996 Iowa Acts ch. 1151, § 4 (codified at Iowa Code § 903A.2 (1997)). In this appeal we must determine if the provisions of section 902.12 violate the Eighth Amendment to the United States Constitution that prohibits cruel and unusual punishment. We find neither the statute nor the sentence imposed violate the constitutional provision. We affirm.

## I. Background.

Between October 2 and October 7, 1996, Roger Conrad Lara robbed eleven different businesses in Black Hawk County, Iowa. Lara was arrested and charged with eleven counts of robbery in the first degree in violation of Iowa Code section 711.2. Lara pled guilty to the charges and was sentenced to serve an indeterminate sentence of twenty-five years for each count. The sentences were to run concurrently. On appeal Lara asserts that Iowa Code section 902.12, requiring him to serve eighty-five percent of the maximum term of his sentence, is unconstitutional. We review constitutional claims de novo. *State v. Washburne*, 574 N.W.2d 261, 263 (Iowa 1997).

## II. Discussion.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishment. The Eighth Amendment is applicable to the states through the Fourteenth Amendment.[1] *Rhodes v. Chapman*, 452 U.S. 337, 344–45, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59, 67–68 (1981); *State v. Kellogg*, 534 N.W.2d 431, 434 (Iowa 1995).

---

1. Lara does not raise Iowa's constitutional prohibition against cruel and unusual punishment in his appeal. *See* Iowa Const. art. I, § 17.

We have said punishment may be cruel and unusual either because it inflicts torture or is otherwise barbaric or because it is "so excessively severe that it is disproportionate to the offense charged." *State v. Robbins,* 257 N.W.2d 63, 68 (Iowa 1977). In *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637, 649 (1983), the Supreme Court set forth a three-prong test for analyzing whether a punishment is disproportionate to the crime committed. The test required an examination of (1) the gravity of the offense and the harshness of the penalty; (2) a comparison of the sentence imposed with those for other crimes in the same jurisdiction; and (3) comparison with the sentence imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 291, 103 S.Ct. at 3010, 77 L.Ed.2d at 649–50. We applied the three-prong test in *Lamphere v. State,* 348 N.W.2d 212, 220–21 (Iowa 1984), and *State v. Nims,* 357 N.W.2d 608, 610–11 (Iowa 1984).

The disproportionality test enunciated in *Solem* was called into question by *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In a plurality opinion Justice Scalia, joined by Chief Justice Rehnquist, found that the Eighth Amendment does not contain any guarantee of proportional punishment. *Harmelin,* 501 U.S. at 965, 111 S.Ct. at 2686, 115 L.Ed.2d at 846. Justice Kennedy, joined by Justices O'Connor and Souter, did not join in that portion of Justice Scalia's opinion but concluded a proportionality analysis is to be used only "in the rare case when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." *Id.* at 1005, 111 S.Ct. at 2707, 115 L.Ed.2d at 871. Only extreme sentences that are "grossly disproportionate" to the crime can conceivably violate the Eighth Amendment. *Id.* at 1001, 111 S.Ct. at 2705, 115 L.Ed.2d at ——.

■ Substantial deference is afforded to the legislature in setting the penalty for crimes. *Solem,* 463 U.S. at 290, 103 S.Ct. at 3009, 77 L.Ed.2d at 649; *State v. Fuhrmann,* 261 N.W.2d 475, 479 (Iowa 1978). Stated in another way "legislators are entitled to wide latitude in prescribing their punishments."

*Simmons v. Iowa,* 28 F.3d 1478, 1482 (8th Cir.1994). Legislative determinations of terms of imprisonment are given a strong presumption of constitutionality. *State v. Hall,* 227 N.W.2d 192, 193 (Iowa 1975).

Lara challenges the constitutionality of the requirement that he serve eighty-five percent of his sentence. In prior cases, we have upheld mandatory sentences. *See State v. Horn,* 282 N.W.2d 717, 732 (Iowa 1979) (upholding mandatory life sentence without possibility of parole); *State v. Holmes,* 276 N.W.2d 823, 829 (Iowa 1979) (five-year mandatory sentence for involvement of a firearm in the commission of a felony does not inflict cruel and unusual punishment). The Supreme Court has stated "[t]here can be no serious contention, ... that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'" *Harmelin,* 501 U.S. at 995, 111 S.Ct. at 2701, 115 L.Ed.2d at 865.

■ With *Harmelin* to guide us, we look at the crime committed and the sentence imposed. Lara was convicted of eleven counts of first-degree robbery. First-degree robbery occurs when a person, while perpetrating a robbery "inflicts or attempts to inflict serious injury or is armed with a dangerous weapon." Iowa Code § 711.2. Lara was armed with a $CO_2$ pistol. We have found such a weapon to be a dangerous weapon. *State v. Dallen,* 452 N.W.2d 398, 399 (Iowa 1990). The risk of death or serious injury to persons present when first-degree robbery is committed is high. A twenty-five year prison sentence with a requirement that the inmate serve at least eighty-five percent of the sentence does not lead to an inference of gross disproportionality. When faced with a similar question, the Missouri Court of Appeals in *State v. Williams,* 936 S.W.2d 828, 832 (Mo.Ct.App. 1996), held a statute requiring a criminal to serve eighty percent of two consecutive twenty-year terms did not constitute cruel and unusual punishment.

### III. *Disposition.*

We find no merit in Lara's claim that a sentence imposed under Iowa Code section 902.12 constitutes cruel and unusual punish-

ment. Neither the length of the mandatory sentence nor the requirement that he serve eighty-five percent of it before he is eligible for parole or work release violates his constitutional rights. We therefore affirm the sentence imposed by the district court.

**AFFIRMED.**