**STATE of Iowa, Appellee,**

v.

**William L. HOSKINS, Appellant.**

No. 97–2073.

Supreme Court of Iowa.

Nov. 25, 1998.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, William E. Davis, County Attorney, and Donald E. Frank, Julie J. Walton, and Robert E. Weinberg, Assistant County Attorneys, for appellee.

1. The length of the sentence may be reduced by up to 15% for good conduct time, pursuant to

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

PER CURIAM.

The defendant was convicted of second-degree robbery, an offense for which he must serve 100% of the maximum sentence imposed pursuant to Iowa Code section 902.12 (1997). On appeal he challenges the constitutionality of section 902.12 on the grounds that it constitutes cruel and unusual punishment and violates his rights of equal protection under the federal and state constitutions. *See* U.S. Const. amends. VIII, XIV, § 1; Iowa Const. art. I, §§ 6, 17. We affirm.

## I. Factual Background and Proceedings Below.

On March 12, 1997, William Hoskins and another man entered the Ralston Employees Credit Union in Davenport and each approached a teller. Hoskins handed one teller a note which read: "Big bills only or I'll blow your head off." Both tellers complied with the note's instructions, and the robbers were each given approximately $5000 in cash. The men then left the credit union.

Hoskins was charged with the offenses of second-degree robbery and first-degree theft. He pleaded guilty to the offense of second-degree robbery and the theft charge was dismissed. Hoskins was sentenced to a ten-year term of imprisonment. Pursuant to section 902.12, he is required to serve 100% of that sentence.[1] Hoskins appeals.

## II. Cruel and Unusual Punishment.

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. XIII. The final clause prohibits sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637, 645 (1983). Hoskins argues the sentence im-

Iowa code § 903A.2.

posed upon his conviction of second-degree robbery pursuant to section 902.12 violates the Eighth Amendment's proscription against disproportionate sentencing. Our review of constitutional claims is de novo. *State v. Lara*, 580 N.W.2d 783, 784 (Iowa 1998).

In *Solem*, the Supreme Court stated that a court's proportionality analysis should be guided by the following criteria: (1) the gravity of the offense and harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650. Hoskins applies these criteria to the offense of second-degree robbery and the penalty imposed pursuant to section 902.12. He argues that other Iowa criminal offenses of equal or greater severity now carry a lesser sentence than that imposed for robbery in the second degree. He also contends that other jurisdictions do not punish the offense of second-degree robbery as severely as Iowa does.

We noted recently, however, that the test enunciated in *Solem* was called into question by *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). *Lara*, 580 N.W.2d at 785. In *Harmelin* the majority of the Court agreed that the proportionality analysis is only used "in the rare case when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." *Harmelin*, 501 U.S. at 1005, 111 S.Ct. at 2707, 115 L.Ed.2d at 871. We used *Harmelin* as our guide in *Lara* to determine that a twenty-five year sentence imposed upon a conviction of first-degree robbery, with a requirement that the defendant serve all of the sentence which could only be reduced by fifteen percent for good conduct, did "not lead to an inference of gross disproportionality." *Lara*, 580 N.W.2d at 785–86.

 Similarly, we do not believe the ten-year sentence imposed upon a conviction of second-degree robbery, of which Hoskins is required to serve 100%, leads to an inference of gross disproportionality. This is not the rare case in which a proportionality anal-

ysis is necessary. *See Harmelin*, 501 U.S. at 1005, 111 S.Ct. at 2707, 115 L.Ed.2d at 871. We therefore conclude section 902.12's requirement that a person convicted of second-degree robbery serve 100% of the maximum sentence does not constitute cruel and unusual punishment.

## III. Equal Protection.

 Hoskins next contends that section 902.12 violates the Equal Protection Clause of the federal and state constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. The State argues Hoskins failed to preserve error on this issue.

We have explained that a challenge to a sentence imposed in accordance with the law is governed by normal error preservation rules. *See State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998). Hoskins' challenge on appeal is to a sentence imposed in accordance with the law. He did not challenge the sentencing statutes below and therefore did not preserve error on the issue. *See id.* However, because Hoskins contends that by failing to raise the issue below, his counsel provided ineffective assistance, we will consider the equal protection issue in that context. *See id.* at 195.

## IV. Ineffective–Assistance–of–Counsel Claim.

 To prevail on his ineffective-assistance-of-counsel claim, Hoskins must prove both the following conditions: (1) trial counsel failed in an essential duty; and (2) prejudice resulted from counsel's error. *See State v. Arne*, 579 N.W.2d 326, 328–29 (Iowa 1998). To show that his trial counsel failed in an essential duty, he must show that "his attorney's performance fell outside the normal range of competency." *Ceaser*, 585 N.W.2d at 195 (*quoting State v. Henderson*, 537 N.W.2d 763, 765 (Iowa 1995)). Trial counsel is not incompetent in failing to pursue a meritless issue. *See State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998). Although claims of ineffective assistance of counsel are normally preserved for postconviction relief proceedings, we will consider them on direct appeal if the record is adequate. *Id.* We find

**710**

the record is adequate to address the ineffective-assistance-of-counsel claim.

We recently rejected the identical equal protection challenge to section 902.12 in *Ceaser*. We concluded that there was a rational basis for the classification made in section 902.12 because there is a reasonable distinction between second-degree robbery and the forcible felonies falling in a subclass of crimes for which offenders are not required to serve a specific portion of the sentence imposed. *Ceaser*, 585 N.W.2d at 197. Accordingly, because there is no merit in the defendant's equal protection challenge, his trial counsel was not ineffective for failing to raise the issue below.

We affirm the judgment and sentence imposed upon Hoskins' conviction of second-degree robbery.

**AFFIRMED.**