# IN THE COURT OF APPEALS OF IOWA

No. 17-0530
Filed September 13, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SHADRON LEROY CROOKS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Shadron Crooks appeals the sentence imposed upon his conviction of possession of a controlled substance (third offense) as a habitual offender. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Shadron Crooks was charged with possession of a controlled substance (third offense), a class "D" felony, as a habitual offender. *See* Iowa Code §§ 124.401(5), 902.8 (2016). The charge arose from Crooks's possession of three grams of marijuana in December 2016. Crooks ultimately pled guilty, admitting he (1) knowingly possessed marijuana in December 2016, (2) was twice previously convicted of controlled-substance violations, and (3) was twice previously convicted of felony offenses. He was sentenced to an indeterminate, fifteen-year term of incarceration with a mandatory minimum of three years. *See id.* §§ 902.8, .9(1)(c). Crooks appeals, contending the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa Constitution. He appears to challenge the sentence on both categorical and gross-disproportionality grounds.

Crooks may challenge the legality of his sentence at any time. Iowa R. Crim. P. 2.24(5)(a); *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Our review is de novo. *Bruegger*, 773 N.W.2d at 869. Crooks's sentence has been authorized by our legislature. *See* Iowa Code §§ 902.8, .9(1)(c). "Legislative determinations of terms of imprisonment are given a strong presumption of constitutionality." *State v. Lara*, 580 N.W.2d 783, 785 (Iowa 1998). "We will not declare a statute constitutionally bad unless it is clearly, palpably and without doubt violative of a constitutional right." *State v. Kramer*, 235 N.W.2d 114, 117 (Iowa 1975).

Crooks generally argues "[t]he punishment in this case, even taking into account [his] prior record, does not fit the crime." Based on the reasoning of our prior rulings,[1] we affirm his sentence under both the Eighth Amendment and article I, section 17 pursuant to Iowa Court Rules 21.26(1)(a) and (e).

**AFFIRMED.**

---

[1] *See, e.g.*, *State v. Pattison*, No. 16-0950, 2017 WL 3077951, at \*1–4 (Iowa Ct. App. July 19, 2017) (rejecting categorical and gross-disproportionality challenges to "an indeterminate fifteen-year prison sentence without eligibility for parole for three years for possessing a single rock of methamphetamine" following a conviction of possession of a controlled substance (third offense) as a habitual offender, concluding "sentencing a repeat drug offender and habitual felon to fifteen years in prison with a mandatory three-year minimum does not violate . . . the cruel and unusual punishment clause of the Iowa Constitution"); *Dudley v. State*, No. 13-1754, 2014 WL 7343432, at \*1 n.1, \*6–9 (Iowa Ct. App. Dec. 24, 2014) (holding the "imposition of concurrent fifteen-year sentences for . . . possession of only a small amount of drugs" was "not categorically cruel and unusual" or grossly disproportionate under the Eighth Amendment and "the resolution would be the same" under article I, section 17); *State v. Hoosman*, No. 04-1364, 2006 WL 2265413, at \*2–3 (Iowa Ct. App. Aug. 9, 2006) (concluding "[a] sentencing enhancement based on a defendant's status as a habitual offender does not violate the prohibition against cruel and unusual punishment" under the Eighth Amendment as grossly disproportionate where defendant was sentenced to fifteen years of incarceration with a three-year mandatory minimum following a conviction of possession of a controlled substance (third offense) as a habitual offender).