# IN THE COURT OF APPEALS OF IOWA

No. 17-1121
Filed May 16, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GARY R. WISE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

A defendant appeals his sentence on constitutional grounds following his conviction for first-degree robbery. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

When he was eighteen years old, Gary Wise held up a Pizza Hut at gunpoint. After being convicted of robbery in the first degree, Wise received an indeterminate twenty-five-year prison sentence and must serve at least seven-tenths of the maximum term before he is eligible for parole. On appeal, Wise contends the mandatory minimum sentence violates the prohibition on cruel and unusual punishment because it is grossly disproportionate as applied to his situation. Because we defer to the legislature's authority to set the length of sentences, the gravity of his offense was on par with the severity of the punishment, and his age was not a unique factor generating a high risk of gross disproportionality, we affirm.

## I.      Facts and Prior Proceedings

On the day of the offense, around 11:30 p.m., Wise entered the Pizza Hut where he used to work, pointed a handgun at employees, and ordered them to lie on the floor. Wise covered the bottom half of his face with a bandana but his former co-workers recognized his physical features and his voice. Wise took money from the cash registers and a safe. When police stopped Wise, he admitted the handgun and stolen cash were in his car. Officers also found a Pizza Hut money tray in the car. During a police interview Wise confessed to carrying out the robbery. "Wise reported to police he had been struggling both financially and emotionally and his actions occurred in the spur of the moment."

Wise agreed to a bench trial on the minutes of evidence. The district court found him guilty of first-degree robbery, in violation of Iowa Code sections 711.1 and 711.2 (2013), a class "B" felony with a maximum sentence of twenty-five years.

Iowa Code § 902.9(b). This term is generally indeterminate but, under the mandatory minimum sentencing provision, Iowa Code section 902.12(e), Wise must serve at least seven-tenths, or seventeen-and-a-half years.

Wise appeals his sentence under the cruel-and-unusual-sentencing clauses of the federal and state constitutions. *See* U.S. Const. amend. VIII; Iowa Const. art. 1, § 17. He argues the seven-tenths rule creates a sentence that is grossly disproportionate to the gravity of the offense, to other felony offenses for which the mandatory minimum is imposed, and to sentencing provisions for the same offense in other jurisdictions. Wise also asserts the sentence is cruel and unusual as applied due to his specific circumstances, particularly the fact he was "mere months past the age of minority" and had "no appreciable criminal history" when he engaged in armed robbery. Wise asked the Iowa Supreme Court to retain his appeal to address what he bills as a "substantial issue of first impression" in Iowa, but the supreme court transferred the case to us.

**II.    Scope of Review**

We review challenges to the constitutionality of a sentence de novo. *State v. Zarate*, 908 N.W.2d 831, 840 (Iowa 2018). An illegal sentence may be challenged at any time. *Id.*

**III.    Analysis**

Wise contends the seventeen-and-a-half-year sentence violates the Eighth Amendment to the United States Constitution and Section 1, Article 17 of the Iowa Constitution. These provisions prohibit the imposition of cruel and unusual

punishment.[1]  A sentence may be cruel and unusual punishment if it is "grossly disproportionate" to the underlying crime.  *State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009).  But we do not require strict proportionality in sentencing.  *Id.*

We apply a three-part test to determine whether a sentence is "grossly disproportionate."  *Id.* at 873 (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983)).  *Solem* provides a threshold question: "Whether the sentence being reviewed is 'grossly disproportionate' to the underlying crime," which requires balancing the gravity of the crime against the severity of the sentence.  *See id.* at 873 (quoting *Solem*, 463 U.S. at 290–91).  At step two, the court compares the challenged sentence to terms for other offenses within the jurisdiction.  *Id.*  At step three, the court compares the sentence to terms for comparable offenses from other jurisdictions.  *Id.*

Four general principles guide our analysis under the threshold test: (1) "[W]e owe substantial deference to the penalties the legislature has established for various crimes."  *Oliver*, 812 N.W.2d at 650.  (2) "[I]t is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review."  *Id.*  (3) "[A] recidivist offender is more culpable and thus more deserving of a longer sentence than a first-time offender."  *Id.*  And (4) "[T]he unique features of a case can 'converge to generate a high risk of potential gross disproportionality.'"  *Id.* (quoting *Bruegger*, 773 N.W.2d at 884) (citing Bruegger's

---

[1] A defendant can advance a categorical challenge or a "gross proportionality" challenge of his particular sentence.  *State v. Oliver*, 812 N.W.2d 636, 639–40 (Iowa 2012).  Wise contends the sentence is cruel and unusual punishment as applied to him.

unique feature of using an adjudication from when the defendant was twelve to dramatically enhance sentencing in an offense as an adult).

Using these principles, we must decide if the gravity of Wise's crime was grossly disproportionate to the severity of the sentence. We look first to the elements of robbery:

> A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
> a. Commits an assault upon another.
> b. Threatens another with or purposely puts another in fear of immediate serious injury.
> c. Threatens to commit immediately any forcible felony.

Iowa Code § 711.1. First-degree robbery occurs when a person, "while perpetrating a robbery, . . . purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon." *Id.* § 711.2.

Wise brandished a loaded .45 caliber semiautomatic pistol at his former co-workers, forcing them to lie on the floor while he stole the cash. One employee recalled he initially thought it was a joke, "but then as things transpired [he] became afraid" and stayed on the floor because he did not want to be shot. Wise's conduct fell squarely within the elements the legislature set for first-degree robbery.

Our legislature designated first-degree robbery as one of Iowa's most grave offenses by classifying it as "B" felony. *Id.* § 711.2. Lawmakers further decided robbery was the type of serious crime subject to a mandatory sentencing scheme. *Id.* § 902.12(1)(e). Our supreme court noted "[t]he risk of death or serious injury to persons present when first-degree robbery is committed is high." *State v. Lara,*

580 N.W.2d 783, 785 (Iowa 1998).[2]  We owe deference to the legislature's determination that the dangerous offense of first-degree robbery merits stiff penalties.  Against that backdrop, we are reluctant to conclude the challenged twenty-five year term with a seven-tenths mandatory minimum qualifies as the "rare" sentence that is grossly disproportionate to the crime.

Wise points to several features of his case he believes should trigger a finding of gross disproportionality.  He first emphasizes his age.  Wise was eighteen years and eight months old at the time of the robbery.  He asserts if he had been nine months younger, he would have received a proportionality hearing and other process due to juvenile offenders.  *See, e.g.*, *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014).  But as arbitrary as the line may seem, Wise was on the adult side of it.  And although recent jurisprudence has recognized the role of diminished capacity and culpability for juvenile offenders, our supreme court has not applied those principles to adults.[3]  *See id.* at 403 (clarifying *Lyle* holding "has no application to sentencing laws affecting adult offenders").

---

[2] In *State v. Lara*, our supreme court considered a similar cruel-and-unusual-punishment challenge to a mandatory minimum statute requiring the defendant to serve eighty-five percent of the potential maximum twenty-five years incarceration for robbery in the first degree, among other offenses, under an older version of Iowa Code section 902.12 (1996).  580 N.W.2d at 784.  In *Lara*, the defendant was convicted of eleven counts of first-degree robbery and sentenced on each count to serve eighty-five percent of twenty-five years concurrently.  *Id.*  The court rejected a cruel-and-unusual-punishment claim.  *Id.* at 785-6; *see also State v. Ramirez*, 597 N.W.2d 795 (Iowa 1999) (overruled on other grounds by *Bruegger*, 773 N.W.2d at 871–72).

[3] In *State v. Roby*, our supreme court rejected a categorical challenge to the seventeen-and-a-half-year sentence applied to a juvenile offender.  897 N.W.2d 127, 148 (Iowa 2017).  Roby was convicted of sexual abuse in the second degree, not robbery in the first degree, but both offenses are classified under the mandatory-minimum provision.  *See* Iowa Code § 902.12(1)(c).  *Roby* militates against finding the same minimum sentence is unconstitutional for an adult offender.

Wise next flags his lack of criminal history, his demonstration of remorse, his confession and cooperation with law enforcement, and the fact he inflicted no injuries. He also asserts he acted on impulse and out of character when he decided to rob the Pizza Hut. We recognize that Wise had no prior convictions and although he clearly regretted his actions immediately after being apprehended, none of the above factors lessen the gravity of his offense. It is immaterial to the gross disproportionality analysis that no one happened to get hurt in the commission of the offense—that is not a required element of first-degree robbery. Moreover, Wise came to the scene disguised with a bandana and bearing a loaded weapon, which weakens any assertion he acted on impulse.

The specific circumstances of this case do not raise an inference that the gravity of Wise's crime is grossly disproportionate to the severity of the sentence. Wise's allegations do not pass the threshold test of *Solem*, so we reject his cruel-and-unusual-punishment challenge.

**AFFIRMED.**