# IN THE COURT OF APPEALS OF IOWA

No. 19-0209
Filed February 19, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MONTEZ MCCLAIN,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

Montez McClain appeals the sentence imposed upon his conviction of second-degree robbery. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Montez McClain appeals the sentence imposed upon his conviction, following a guilty plea, of second-degree robbery. He argues the imposition of a mandatory minimum sentence upon an individual who was eighteen years of age at the time of the commission of the crime amounts to cruel and unusual punishment and violates equal protection. McClain essentially asks us to extend the application of our supreme court's ruling in *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014),[1] to adult criminal offenders.

The supreme court has made clear that its sentencing scheme for juvenile offenders has "no application to sentencing laws affecting adult offenders." *Lyle*, 854 N.W.2d at 403. "[T]he line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at eighteen years of age." *State v. Seats*, 865 N.W.2d 545, 556 (Iowa 2015) (discussing *Roper v. Simmons*, 543 U.S. 551, 574 (2005)). McClain was not a juvenile at the time of his offense. Again, we see no reason to deviate from our repeated rejection of arguments identical to McClain's,[2] and we conclude he is not entitled to be treated as a juvenile for

---

[1] The *Lyle* court held "that all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional." 854 N.W.2d at 400.

[2] *See, e.g.*, *State v. Tsegay*, No. 18-1660, 2020 WL 110304, at *1–2 (Iowa Ct. App. Jan. 9, 2020); *Nix v. State*, No. 18-1853, 2019 WL 2373640, at *1 (Iowa Ct. App. June 5, 2019), *further review denied* (July 31, 2019); *Pendleton v. State*, No. 18-0082, 2019 WL 1486588, at *2 (Iowa Ct. App. Apr. 3, 2019), *further review denied* (July 17, 2019); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019), *further review denied* (Apr. 15, 2019); *Swan v. State*, No. 17-0877, 2018 WL 6706212, at *3 (Iowa Ct. App. Dec. 19, 2018), *further review denied* (Feb. 25, 2019); *State v. Mubarak*, No. 17-2056, 2018 WL 5839848, at *3 (Iowa Ct. App. Nov. 7, 2018), *further review denied* (Jan. 18, 2019); *State v. Hall*, No. 17-0570, 2018 WL 4635685, at *5 (Iowa Ct. App. Sept. 26, 2018), *further review denied* (Nov. 30, 2018); *Nassif v. State*, No. 17-0762, 2018 WL 3301828, at *1 (Iowa Ct. App. July 5, 2018), *further review denied* (Sept. 13, 2018); *State v. Wise*, No. 17-

purposes of sentencing. As to McClain's as-applied challenge, we conclude the mandatory minimum sentence is not grossly disproportionate to his conduct. *See State v. Hoskins*, 586 N.W.2d 707, 709 (Iowa 1998); *State v. Hayes*, No. 14-1599, 2015 WL 4642506, at *2 (Iowa Ct. App. Aug. 5, 2015); *State v. Walztoni*, No. 14-0843, 2015 WL 1331646, at *1–3 (Iowa Ct. App. Mar. 25, 2015); *State v. Ryun*, No. 14-0559, 2014 WL 6977253, at *1–3 (Iowa Ct. App. Dec. 10, 2014); *State v. Wright*, No 14-0549, 2014 WL 6977285, at *3–4 (Iowa Ct. App. Dec. 10, 2014).

As to the claim that not extending the application of *Lyle* to adult offenders violates the constitutional guarantee to equal protection of the laws, we disagree. *See Lyle*, 854 N.W.2d at 395 (noting juveniles "are constitutionally different from adults for purposes of sentencing" (quoting *Miller v. Alabama*, 132 S. Ct. 2455, 2464 (2012))); *Varnum v. Brien*, 763 N.W.2d 862, 883 (Iowa 2009) ("[T]he equal protection guarantee requires that laws treat all those who are similarly situated *with respect to the purposes of the law* alike."); *see also Tsegay*, 2020 WL 110304, at *2–3; *Nix*, 2019 WL 2373640, at *2; *Hall*, 2018 WL 4635685 at *6; *Nassif*, 2018 WL 3301828, at *1.

---

1121, 2018 WL 2246861, at *3 (Iowa Ct. App. May 16, 2018), *further review denied* (Sept. 13, 2018); *Smith v. State*, No. 16-1711, 2017 WL 3283311, at *3 (Iowa Ct. App. Aug. 2, 2017), *further review denied* (Dec. 7, 2017); *Thomas v. State*, No. 16-0008, 2017 WL 2665104, at *2 (Iowa Ct. App. June 21, 2017); *Schultz v. State*, No. 16-0626, 2017 WL 1400874, at *1 (Iowa Ct. App. Apr. 19, 2017), *further review denied* (June 27, 2017); *Kimpton v. State*, No. 15-2061, 2017 WL 108303, at *3 (Iowa Ct. App. Jan. 11, 2017); *State v. Davis*, No. 15-0015, 2015 WL 7075820, at *1–2 (Iowa Ct. App. Nov. 12, 2015), *further review denied* (Jan. 12, 2016); *State v. Vance*, No. 15-0070, 2015 WL 4936328, at *2 (Iowa Ct. App. Aug. 19, 2015), *further review denied* (Oct. 12, 2015); *State v. Clayton*, No. 13-1771, 2014 WL 5862075, at *6 (Iowa Ct. App. Nov. 13, 2014), *further review denied* (Jan. 15, 2015).

We affirm the sentence imposed without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**