# IN THE COURT OF APPEALS OF IOWA

No. 22-1305
Filed August 9, 2023

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**MATTHEW SHERMAN OLSON,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Page County, Richard H. Davidson,

Judge.

       The defendant appeals the denial of his motion for judgment of acquittal

and imposition of prison sentences. **AFFIRMED.**

       Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

       Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

       Considered by Ahlers, P.J., Badding, J., and Blane, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**BLANE, Senior Judge.**

Matthew Olson appeals the denial of his motion for judgment of acquittal and guilty jury verdict for interference with official acts, a violation of Iowa Code section 719.1 (2021), as well as the district court's imposition of consecutive prison sentences as illegal. We affirm.

### I. Background facts and procedure.

Olson was in court related to his wife's domestic no-contact order when he became agitated and had to be forcibly removed by sheriff's deputies. Olson returned to his residence. Around noon, the sheriff called Olson, advised him he had a warrant for his arrest, and requested Olson to turn himself in. Olson refused and warned the sheriff not to send any deputies to his house, threatening to "shoot anybody that came through the door" and he had "enough firearms to fuel a small army." Olson at times came outside with a long gun, threatened to shoot officers, and challenged officers to shoot him. After he retreated inside, officers heard gun fire.

The sheriff contacted the Iowa State Patrol, and its tactical unit arrived to assist. A six-hour standoff ensued. A state trooper contacted Olson by phone, and Olson inquired if he was a hostage negotiator. Olson requested to speak to his wife or else he would leave in a "body bag." He told the trooper he had a rifle with a sniper scope and he wouldn't "be responsible for what happens" if police came through his door. When the state patrol drove an armored vehicle close to his home, Olson threatened to kill hostages, "women and children first." After the patrol used "flashbang" grenades, Olson surrendered. The sheriff's department obtained a search warrant for Olson's home, where they found bullet holes in walls

and doors, along with rifles—one with a scope—and shotguns positioned around the home.

Olson was taken to the Page County jail. While in custody the following day, he sharpened the handle of a plastic spork into a point. When deputies entered his cell, Olson became agitated and headbutted one of them.

Based on the standoff, Olson was charged with interference with official acts while armed with a firearm in violation of Iowa Code section 719.1(f), a class "D" felony.[1] For the events that occurred in the jail, Olson was charged with count one, possessing contraband, in violation of Iowa Code sections 719.7(1)(b) and 719.7(3)(a), a class "C" felony, and count two, assault on persons involved in certain occupations, in violation of Iowa Code section 708.3A(4), a serious misdemeanor.[2]

Olson went to trial on the interference-with-official-acts charge and testified in his own defense. The jury found him guilty. He then pleaded guilty to the possessing-contraband and assault charges. The district court ordered a presentence investigation report. The court held a sentencing hearing.[3] The court sentenced Olson to five years in prison on the interference-with-official-acts conviction. On possession of contraband, the court sentenced Olson to ten years in prison and one year in county jail for the assault conviction. The court ran the

---

[1] Page County criminal case number FECR106443. The trial information also charged Olson with a second count that was dismissed before trial.

[2] Page County criminal case number FECR106445.

[3] In addition to the three charges, the court also sentenced Olson in Page County criminal case number AGCR106442, harassment in the third degree, a simple misdemeanor. It is not part of this appeal.

ten- and one-year terms concurrently and the five-year term consecutively. Olson appeals.

## II. Discussion.

### A. Interference with official acts.

Olson first contends there was insufficient evidence to show he committed interference with official acts. On that charge, the court instructed the jury that the State had to prove:

> 1. On or about the 24th day of May, 2021, [Olson] knew Sheriff Lyle Palmer, his deputies, and the Iowa State Patrol Tactical Team, were peace officers who were attempting to serve [Olson] with an arrest warrant.
> 2. [Olson] knowingly resisted or obstructed Sheriff Palmer, his deputies, and the Iowa State Patrol Tactical Team in attempting to serve [Olson] with an arrest warrant.
> 3. [Olson] was armed with a firearm.

The court instructed that Olson had to have "conscious awareness" of the circumstances. Our scope and standards of review are well-established:

> "We review the sufficiency of the evidence for correction of errors at law." In conducting that review, we are highly deferential to the jury's verdict. The jury's verdict binds this court if the verdict is supported by substantial evidence. Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence."

*State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (citations omitted). Direct and circumstantial evidence are equally probative. Iowa R. App. P. 6.904(3)(p).

Olson argues that he did not act "knowingly, but rather was acting out due [to] the confluence of multiple events and did not act in a manner where he

knowingly impeded the officers in the execution of their duty." He points to the upsetting events of the day and his untreated PTSD.

Criminal defendants can show a lack of intent by proving either diminished responsibility or insanity.[4] The defense of diminished responsibility negates only specific intent, while interference is a general intent crime. *Anfinson v. State*, 758 N.W.2d 496, 502 (Iowa 2008); *see State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996). And to prove insanity, Olson had to show his PTSD rendered him "incapable of knowing the nature and quality of [his acts] or incapable of distinguishing between right and wrong in relation to that act." Iowa Code § 701.4. The jury never received that instruction. But Olson testified he did not understand the officers were trying to arrest him and argued to the jury that after the events of the morning, he was not "behaving like a rational person would in a similar situation." The jury did not credit that testimony or argument. *See, e.g.*, *State v. Hunt*, 801 N.W.2d 366, 377 (Iowa Ct. App. 2011) ("[T]he jury was free to believe or disbelieve the testimony of the witnesses and to give as much weight to the evidence as, in its judgment, such evidence should receive."). We also conclude there is substantial evidence to support the verdict that Olson acted knowingly. In this context, "knowingly means a knowledge of the existence of the facts constituting the crime, or a knowledge of the essential facts and does not require the knowledge of the unlawfulness of the act or omission." *Buchanan*, 549 N.W.2d at 294 (cleaned up for readability). Olson demonstrated his understanding by attending court that morning and being so unhappy with the result that he had to

---

[4] Olson did not give notice that he intended to use either defense. The jury was not given instructions to consider either defense.

be forcibly removed by sheriff's deputies. The sheriff then told Olson there was a warrant for his arrest and requested Olson to turn himself in. Olson replied with refusals and violent threats. During the six-hour standoff, Olson continued to threaten law enforcement officers with weapons if they attempted to enter his house. This record amply furnishes evidence Olson knew he was resisting or obstructing an attempt by peace officers to arrest him. The jury was entitled to disbelieve testimony that his PTSD somehow impeded his understanding of his actions. There was substantial evidence supporting the jury verdict, so the district court did not err when it denied the motions to acquit.

**B. Illegal sentences.**

After citing an amalgam of federal and state case law in his brief dealing with sentencing, Olson argues three positions: (1) he could have been granted probation; (2) this court should revisit *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976), regarding concurrent and consecutive sentences; and (3) the sentences as applied are grossly disproportionate and violate the Eighth Amendment to the United States Constitution.[5]

---

[5] Olson appeals the sentences in both cases including FECR106445 where he submitted a guilty plea. Defendants can appeal from guilty pleas in most cases only based on good cause. Iowa Code § 814.6(1)(a)(3), *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). An appeal of a sentencing issue establishes good cause. *Damme*, 944 N.W.2d at 105.

We also note Olson does not make a separate argument under the Iowa Constitution or cite to Article I, section 17. When a party does not suggest a framework for analyzing the Iowa Constitution that is different from the framework utilized under the United States Constitution, we apply the general federal framework. *In re Det. of Anderson*, 895 N.W.2d 131, 139 (Iowa 2017).

### i. Probation.

Olson makes an impassioned argument that he could have and should have been granted probation instead of a prison sentence. Our review of a sentence imposed in a criminal case is for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *see* Iowa R. App. P. 6.907. We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724. An abuse of discretion will not be found unless the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *Id.*

Olson argues that the court failed to adequately consider his service-related PTSD diagnosis, its mitigating involvement in the crimes, and how his mental-health issues could be better addressed if granted probation. He does not contend that the sentences were outside the statutory provisions for his crimes. *See id.* at 725 (finding sentencing decisions within the statutory limits carry a strong presumption in their favor and will only be overturned for abuse of discretion or consideration of inappropriate matters). Upon our review, we find no abuse of discretion. The trial court applied appropriate considerations including Olson's arguments repeated here on appeal and imposed a sentence within the statutory guidelines. The sentences imposed were neither untenable nor unreasonable.

### ii. Revisit *State v. Criswell*.

In *Criswell*, the supreme court determined the trial court did not err "by imposing consecutive sentences upon convictions, of two separate offenses, obtained in a single prosecution, charged in a single information, and arising from the same criminal transaction." 242 N.W.2d at 260–61. Since we are not at liberty

to overrule Iowa Supreme Court precedent, even if the precedent applies to the facts of the case, *see State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014), we decline Olson's invitation to do so.[6] The court did not abuse its discretion in imposing consecutive sentences.

### iii. Sentences as applied grossly disproportionate.

Finally, Olson contends his sentences violate the Eighth Amendment under a proportionality analysis guided by a three-factor objective criteria: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 278 (1983). When, as here, the defendant mounts a constitutional challenge to an allegedly illegal sentence, the standard of review is de novo. *State v. Harrison*, 914 N.W.2d 178, 187–88 (Iowa 2018).

Olson in his brief acknowledges the rareness of a case satisfying the *Solem* disproportionality test. *See, e.g.*, *State v. Lara*, 580 N.W.2d 783, 785 (Iowa 1998) ("Only extreme sentences that are 'grossly disproportionate' to the crime can conceivably violate the Eighth Amendment."). Even so, Olson posits that because of his PTSD he fits within that rare case and should survive the threshold *Solem* test. We disagree.

---

[6] Our court has consistently declined to revisit *Criswell*. *E.g.*, *State v. Korock*, No. 22-0490, 2023 WL 2671947, at *2 (Iowa Ct. App. Mar. 29, 2023); *State v. Htoo*, No. 22-0154, 2022 WL 10833423, at *1 n.2 (Iowa Ct. App. Oct. 19, 2022); *State v. Bailey*, No. 17-1927, 2018 WL 6715490, at *2 (Iowa Ct. App. Dec. 19, 2018); *State v. Fields*, No. 13-1200, 2014 WL 3511841, at *2 (Iowa Ct. App. July 16, 2014).

A panel of our court recently rejected an attempt to meet the test. *See Korock*, 2023 WL 2671947, at *1. As in *Korock*, Olson cites no legal authority or factual analysis that he falls within the rare case to carry him over this initial threshold. Further, even if he did, Olson cites no intra-jurisdictional or inter-jurisdictional comparison evidencing the sentences he received are grossly disproportionate.[7] We find Olson's sentences were appropriate and each of his challenges fail.

**AFFIRMED.**

---

[7] In his brief, Olson suggests that this court undertake the intra-jurisdictional or inter-jurisdictional analysis. *But see Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (declining to reach the merits of an argument that "would require us to assume a partisan role and undertake the appellant's research and advocacy"). Even if Olson passed the threshold test, we would decline his request.